UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALONZO J. STENOSKI,

                           Plaintiff,

             v.                                                  7:07-CV-552
                                                                    (FJS/VEB)

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

**APPEARANCES**                                               **OF COUNSEL**

**CONBOY, McKAY, BACHMAN**             **LAWRENCE D. HASSELER, ESQ.**
**& KENDALL, LLP**
407 Sherman Street
Watertown, New York 13601
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **KARLA J. GWINN, SAUSA**
**OFFICE OF REGIONAL GENERAL**
**COUNSEL, REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Currently before the Court are Magistrate Judge Bianchini's July 23, 2009 Report and Recommendation and Plaintiff's objections thereto.  *See* Dkt. Nos. 16-17.

## II. BACKGROUND

Plaintiff applied for Supplemental Security Income ("SSI") benefits on January 20, 2004, alleging that she had been unable to work since August 1, 2001. *See* Administrative Record ("AR") at 72. Plaintiff complained of diabetes mellitus, chronic obstructive pulmonary disorder ("COPD"), arthritis, depression, anxiety and other related mental conditions. *See* Plaintiff's Brief at 9-11. Defendant denied that application on March 22, 2004. *See* AR at 33. Although Plaintiff filed an untimely request for a hearing, *see id.* at 38-39, an Administrative Law Judge ("ALJ") determined that Plaintiff had shown good cause for doing so, *see id.* at 40; and, therefore, the ALJ granted Plaintiff's request and held a hearing on October 26, 2005, *see id.* at 419-61.

On December 12, 2005, the ALJ issued a written decision denying Plaintiff's application for benefits. *See id.* at 18-30. The ALJ's decision became Defendant's final decision on May 14, 2007, when the Social Security Administration's Appeals Council denied Plaintiff's request for a review. *See id.* at 6.

Plaintiff commenced this action on May 23, 2007. *See* Dkt. No. 1. Plaintiff filed a supporting brief on September 17, 2007, *see* Dkt. No. 8; and Defendant filed a brief in opposition on January 4, 2008, *see* Dkt. No. 13.

After reviewing the parties' submissions, Magistrate Judge Bianchini issued a Report and Recommendation on July 23, 2009, in which he recommended that this Court (1) grant Defendant's motion for judgment on the pleadings, (2) deny Plaintiff's motion for judgment on the pleadings, and (3) affirm Defendant's final decision to deny Plaintiff's application for benefits. *See* Dkt. No. 16 at 22.

In response to Magistrate Judge Bianchini's Report and Recommendation, Plaintiff filed

objections. *See, generally*, Dkt. No. 17. Specifically, Plaintiff asserted "that the ALJ did not adhere to the special technique requirements to appropriately determine the extent and impact of Depression and Anxiety." *See id.* at ¶ 1. Plaintiff also claimed that it was improper for the ALJ to find "that Plaintiff could perform her past relevant work as a binder operator and bus aide." *See id.* at ¶ 2.

### III. DISCUSSION

**A.    Standard of review**

In reviewing the Commissioner's final decision, a court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence in the record as a whole to support the decision. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)) (other citations omitted). A reviewing court, however, may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards even if it appears that there is substantial evidence to support that decision. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports his decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support that decision. *See* 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991) (citations omitted). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion . . . .'" *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quotation omitted). "It is more than a mere scintilla or a touch of proof here and there in the record." *Id.*

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Id.* (citations omitted). "However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision." *Lewis v. Comm'r of Soc. Sec.*, No. 6:00 CV 1225, 2005 WL 1899399, *1 (N.D.N.Y. Aug. 2, 2005) (citations omitted).

Finally, in a case such as this one in which a magistrate judge has issued a Report and Recommendation and a party has properly filed objections to that report, "the district court shall make a *de novo* determination of those portions of the report to which the objections are made[,]" 28 U.S.C. § 636(b)(1)(C), and shall review those portions of the report to which neither party objects for clear error, *see Turly v. Britton*, No. 9:03-CV-1425, 2007 WL 625983, *2 (N.D.N.Y. Feb. 24, 2007).

**B.     The ALJ's application of the special technique requirement**

Magistrate Judge Bianchini noted that, when evaluating the severity of a claimant's mental impairments, the ALJ must apply the "special technique" requirement at the second and third steps of his review in addition to the customary sequential analysis. *See* Report and Recommendation at 12 (citing *Kohler v. Astrue*, 546 F.3d 260, 265-66 (2d Cir. 2008)). He

explained that this special technique first requires the ALJ to "determin[e] . . . whether the Plaintiff has a medically determinable mental impairment[,] 20 C.F.R. § 404.1520a(b)(1) . . . [and] [t]hen, the ALJ must rate the degree of Plaintiff's functional limitation resulting from the impairment in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *See* 20 C.F.R. § 404.1520a(c)(3)." *See id.* Magistrate Judge Bianchini further explained that "[t]he ALJ rates each of these four areas on a scale of 'none, mild, moderate, marked, and extreme.'" *See* Report and Recommendation at 12 (quoting 20 C.F.R. §§ 404.1520a(c)(4); 416.920a(c)(4)). Finally, if there are no episodes of decompensation and the other three areas are rated as mild or better, a mental impairment is generally found not severe. *See id.* (citing 20 C.F.R. § 404.1520a(d)(1)).

After reviewing the record, Magistrate Judge Bianchini found that the ALJ had applied the appropriate legal standard and that there was substantial evidence in the record to support his finding. Specifically, with regard to activities of daily living, Magistrate Judge Bianchini noted that the record indicated that "Plaintiff cared for family members, including grandchildren, and drove a car occasionally . . . [and that] [s]he assisted with household chores such as cooking, cleaning, and laundry and was able to pay bills and manage funds. . . ." *See id.* at 15 (citing T at 26-27, 114, 116, 262, 428, 115, 117, 265). Furthermore, he noted that Dr. Carlos Gieseken, a non-examining State Agency Physician, determined that Plaintiff had only a "mild" limitation with any of these daily living activities. *See id.* (citing T at 287).

With regard to social functioning, Magistrate Judge Bianchini noted that the record indicated that "Plaintiff's family relationships were described as 'fair to good,' but she was noted to lack friends, hobbies, or interests." *See id.* (citing T at 265). He also noted that "Dr. Gieseken

indicated that Plaintiff had 'moderate' limitation with respect to social functioning . . . in particular . . . with regard to her ability to interact appropriately with the general public and accept instructions/respond appropriately to criticism from supervisors." *See id.* (citing T at 287, 274). Finally, he noted that "Dr. Kristen Barry, who performed a consultative psychological examination, described Plaintiff's 'overall manner of relating and social skills' as 'adequate.'" *See id.* (citing T at 264).

With respect to Plaintiff's ability to maintain concentration, persistence, or pace, Magistrate Judge Bianchini noted that "Dr. Kristen Barry noted that Plaintiff's attention and concentration were 'intact' and she was 'able to recall 6-digit number forward and a 5-digit number backward.'" *See id.* at 16 (quoting T at 264). Plaintiff also "had the ability to 'do counting, simple calculations, and serial 7s.'" *See id.* (quoting T at 264). Furthermore, Magistrate Judge Bianchini noted that "Dr. Gieseken indicated that Plaintiff had only 'mild' limitations with regard to maintaining concentration, persistence, or pace . . . [and that he] further opined that Plaintiff had no significant limitations with regard to carrying out very short and simple instructions; maintaining attention and concentration for extended periods; sustaining an ordinary routine without supervision; working in coordination with or proximity to others without being distracted by them; and making simple work-related decisions." *See id.* (citing T at 287, 273).

Finally, Magistrate Judge Bianchini noted that there was nothing in the record to indicate that "plaintiff had any repeated episodes of decompensation of an extended duration." *See id.* For all these reasons, Magistrate Judge Bianchini concluded that "the ALJ applied the appropriate legal standard in assessing the extent and impact of Plaintiff's mental impairments

[and that] substantial evidence supports the ALJ's determination that Plaintiff's mental impairments did not render her disabled within the meaning of the Act." *See id.*

Plaintiff objects to Magistrate Judge Bianchini's conclusion, arguing that the ALJ did not appropriately adhere to the special technique requirements to determine the extent and impact of her depression and anxiety. To support this argument, Plaintiff relies on Magistrate Judge Bianchini's statement that "the ALJ's analysis regarding these issues [was] not as clear and organized as one would prefer." *See* Plaintiff's Objections at ¶ 1. Plaintiff also relies on this statement to support her contention that there is a reasonable basis to doubt that the ALJ applied the correct legal standards and that, therefore, there is "an unacceptable risk" that she was deprived of her right "'to have her disability determination made according to the correct legal principles.'" *See id.* (quoting *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

The Court has reviewed the record *de novo* in light of Plaintiff's objections and finds that there is substantial evidence in the record to support the ALJ's conclusions with regard to the severity and impact of Plaintiff's mental impairments. Moreover, the Court notes that Plaintiff has taken Magistrate Judge Bianchini's statement about the clarity and organization of the ALJ's analysis out of context and that there is no basis, never mind a reasonable basis, to doubt that the ALJ applied the correct legal standards in reaching his conclusion regarding the severity and impact of Plaintiff's mental impairments. Accordingly, the Court adopts Magistrate Judge Bianchini's recommendation regarding this issue.

**C.    The ALJ's finding that Plaintiff could perform her past relevant work as a binder operator**[1]

The ALJ determined that Plaintiff could perform her past relevant work as a binder operator based on Plaintiff's testimony about her job responsibilities and the testimony of a vocational expert ("VE"). *See* AR at 430, 450. After the ALJ presented the VE with a hypothetical claimant with the same age, education, experience, and residual functional capacity ("RFC") as Plaintiff's, the VE concluded that the hypothetical claimant could perform the job of binder operator. *See id.* at 451-52.

Plaintiff objected to the use of this hypothetical, arguing that it did not account for her physical and mental limitations on her RFC. Magistrate Judge Bianchini disagreed, reasoning that, "[i]f the factors set forth in the hypothetical are supported by substantial evidence, then the vocational expert's testimony may be relied upon by the ALJ in support of a finding of no disability." *See* Report and Recommendation at 21 (quoting *Magee v. Astrue*, No. 5:05-CV-413, 2008 WL 4186336, at *20 (N.D.N.Y. Sept. 9, 2008) (citing *Varley v. Sec'y of Health & Human Svcs.*, 820 F.2d 777, 799 (6th Cir. 1987))). Magistrate Judge Bianchini found that "the ALJ's hypothetical contained all of the limitations that he reasonably found to be present." *See id.* Therefore, he concluded that the ALJ did not err by using the hypothetical in question and that the ALJ properly relied on the VE's testimony to determine that Plaintiff could perform her past relevant work as a binder operator.

---

[1] The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as a binder operator and a substitute bus aide. Plaintiff argued that the ALJ should not have considered her past work as a bus aide because her earnings from that work did not qualify as "substantial gainful activity." *See* Report and Recommendation at 20. Defendant conceded that point. *See id.* Therefore, the Court will only address Plaintiff's past relevant work as a binder operator.

Plaintiff objects to the ALJ's finding that she could perform her past relevant work as a binder operator. Specifically, she argues that one of the deficiencies in the ALJ's analysis of her RFC was that he did not provide a description of her past work. Plaintiff asserts that courts in the Northern and Western Districts of New York "have reversed and remanded for development of the Record, decisions which fail to precisely describe past work." *See* Plaintiff's Objections at ¶ 2 (citing *Smith v. Apfel*, 69 F. Supp. 2d 370 (N.D.N.Y. 1999); *Welch v. Chater*, 923 F. Supp. 17 (W.D.N.Y. 1996)). Furthermore, Plaintiff contends that the ALJ should have made "findings regarding the requirements of Plaintiff's past relevant work as a binder operator and . . . then compare[d] those requirements to the Plaintiff's residual functional capacity[.]" *See id.* Finally, Plaintiff claims that, by accepting the ALJ's use of the hypothetical for relevant past work, Magistrate Judge Bianchini erred and that, therefore, this Court should not adopt his recommendation. *See id.*

"A determination that a person can work is predicated upon a finding of residual functional capacity (RFC),which must be established by demonstrating by substantial evidence each of the criteria of the physical requirements in the regulations." *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990) (citing *Benko v. Schweiker*, 551 F. Supp. 698, 705 (D.N.H. 1982)). The ALJ must indicate what functions a claimant is capable of performing based on evidence in the record and may not make conclusory statements regarding a claimant's capacities. *See id.* (citing *Sullivan v. Secretary of HHS*, 666 F. Supp. 456, 460 (W.D.N.Y. 1987)). Furthermore, "[a]n ALJ who rejects subjective testimony concerning pain and other symptoms 'must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his determination is supported by

substantial evidence.'" *Smith v. Apfel*, 69 F. Supp. 2d 370, 379 (N.D.N.Y. 1999) (quoting *Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987)). If the ALJ makes conclusions about the claimant's capacities without evidentiary support, the court may remand the case for further development of the record. *See id.* at 378.

In the present case, the ALJ determined that Plaintiff retained the capacity for "light" and "sedentary" work. *See* AR at 26. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). A job will also fall into this category if it "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* A claimant is not disable if capable of doing past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

The Court has reviewed the record *de novo* and finds that there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff is capable of performing light or sedentary work. In September 2001, Dr. Tuttle-Malone indicated that Plaintiff would not "be able to stand for eight hours or do a lot of lifting, stooping or bending" but felt she "could do at least sedentary work." *See* AR at 175. Plaintiff's evaluating physician, Dr. Kalyani Ganesh, stated in March 2004 that there was "[n]o physical limitations to sitting, standing, walking, or the use of upper extremities." *See id.* at 256. Furthermore, a Physical Residual Functional Capacity Assessment completed on March 22, 2004, revealed that Plaintiff had no exertional, postural, manipulative, visual or communicative limitations of any kind. *See id.* at 268-69. Based on this evidence, the ALJ did not err in concluding that Plaintiff retained the residual functional capacity "to lift, carry, push and/or pull up to 20 pounds occasionally and 10 pounds frequently, stand

and/or walk about four hours total in an 8-hour workday, and sit as needed approximately six hours in an 8-hour workday." *See id.* at 28.

After concluding that Plaintiff retained the functional capacity to perform "light" work, the ALJ then considered her past relevant work as a binder operator. The VE testified that the duties of a binder operator constituted "light" work. *See id*. at 452. The VE also stated that a person with the same capabilities and limitations as Plaintiff would be able to perform the job of binder operator. *See id.* at 451-52.

Although Plaintiff disagrees with the ALJ's conclusions and argues that this Court should remand the case for further development of the record and that the ALJ applied the incorrect legal standard, the Court finds that the record reveals that these arguments are without merit.

In her Objections, Plaintiff cites two cases in which district courts in New York have remanded for further development of the record; however, these cases are easily distinguishable from the present case. In *Smith v. Apfel*, there was substantial evidence in the record that the plaintiff suffered severe mental impairments. *See Smith*, 69 F. Supp. 2d at 379-80 (holding that the ALJ mischaracterized evidence in the record when discrediting the plaintiff's claims). Similarly, in *Welch v. Chater*, the record revealed that the ALJ did not consider the nature of, and demands associated with, the plaintiff's prior relevant work. *See Welch*, 923 F. Supp. at 21 (holding that the record was "simply devoid of any comparison between plaintiff's prior work as a cleaner and her present abilities").

In the present case, the record contains none of the deficiencies that required remand in *Smith* and *Welch*. The ALJ reviewed Plaintiff's RFC and considered the demands of the work she had done in the past in compliance with the regulations. *See* 20 C.F.R. §§ 404.1520(e),

-11-

416.920(e). The ALJ's conclusion that Plaintiff could do light or sedentary work was based upon, and consistent with, the assessment of three doctors, including Plaintiff's treating physician. In light of the substantial evidence in the record to support the ALJ's conclusions, the Court finds it unnecessary to remand the case for further development.

Plaintiff also argues that it was error for the ALJ to consider the duties of a binder operator generally rather than the duties as Plaintiff had performed them. This claim is inconsistent with the applicable standard, which provides that a claimant is not disabled if she can "perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy." *See* Social Security Ruling 82-61, 1982 WL 31387, *2 (S.S.A. 1982). In other words, Plaintiff was required to show "an inability to perform the duties of a [binder operator] as 'typically' performed." *Hirsch v. Apfel*, No. 99 Civ. 1426, 2000 WL 1855117, *5 (S.D.N.Y. Dec. 19, 2000).

Finally, the ALJ "may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles'" to determine whether a claimant can do his or her past relevant work, based upon a determined residual functional capacity. *See* 20 C.F.R. § 404.1560(b)(2). In this case, the ALJ relied on substantial evidence in the record to determine Plaintiff's RFC. The VE used that RFC to establish the mental and physical demands of Plaintiff's past relevant work as a binder operator, which reasonably led the ALJ to conclude that Plaintiff could return to her past work. For all of these reasons, the Court concludes that there is substantial evidence in the record to support the ALJ's determination that Plaintiff retained the residual functional capacity to perform her past relevant work as a binder operator.

## IV. CONCLUSION

After reviewing the entire record in this file, including Magistrate Judge Bianchini's Report and Recommendation and Plaintiff's objections thereto, as well as the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's July 23, 2009 Report and Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's final decision to deny Plaintiff's application for benefits is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: March 16, 2010
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge